UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHIKEEMA JONES                                    CIVIL ACTION

VERSUS                                            NO: 05-4039

CMM OF INDIANA, LLC, d/b/a                        SECTION: R(4)
CASH TYME

<u>**ORDER AND REASONS**</u>

Before the Court is plaintiff Shikeema Jones's motion to
remand this case to Louisiana state court.  For the reasons
stated below, the Court DENIES the motion.

I.    **INTRODUCTION**

Plaintiff Shikeema Jones filed this action on March 8, 2005
in Louisiana state court against Kenneth Perkins and defendant
CMM of Indiana, LLC, d/b/a Cash Tyme.[1]  Plaintiff, a former
employee of CMM, alleges generally that, during her employment

_____

[1]Defendant CMM was apparently misidentified in plaintiff's
state court petition as CMM of Louisiana, LLC.  In its notice of
removal, CMM of Indiana states that it is the proper defendant in
this action.  Plaintiff does not dispute this in her motion to
remand.

with CMM, she was subjected to a pattern of sexual harassment by
one of her supervisors, Kenneth Perkins.  Plaintiff alleges that
she filed complaints against Perkins with CMM's human resources
department, but that her complaints were ignored, and that she
was ultimately fired in retaliation for her complaints.

In her state court petition, plaintiff asserted a number of
state law claims against Perkins and CMM, including assault,
battery, failure to supervise, intentional infliction of
emotional distress, sexual harassment, and intentional employment
discrimination in violation of Louisiana Revised Statutes section
23:332.  Plaintiff sought damages for physical and emotional pain
and suffering, lost wages, medical bills and attorney's fees.
Although plaintiff properly served CMM with her state court
petition, plaintiff provided no service address for Perkins, and
he was never served with the petition.  On July 5, 2005, CMM
moved to dismiss Perkins involuntarily for failure to request
service.  On August 22, 2005, the state court entered a consent
judgment, signed by counsel for both plaintiff and CMM,
dismissing Perkins from the case.

On August 23, 2005, CMM removed the action to this Court on
the basis of diversity of citizenship.  In its notice of removal,
CMM, which is a citizen of Indiana for diversity purposes,
asserted that the case was not originally removable because

2

plaintiff and Perkins are both citizens of Louisiana and that complete diversity existed only once Perkins was dismissed from the suit.  Plaintiff now moves to remand the action to state court on the ground that it does not meet the $75,000 amount-in-controversy requirement for federal diversity jurisdiction.

**II.  DISCUSSION**

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a).  The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that the removal statutes should be strictly construed.  *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, Civ. A. No. 95-668, 1995 WL 419901, at *2 (E.D. La. July 13, 1995).  The Court must remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Ordinarily, a defendant who seeks to remove a civil action

3

must file a notice of removal within 30 days of receiving the plaintiff's complaint. *See id.* § 1446(b). If, however, an action that is not removable on the basis of the plaintiff's original complaint later becomes removable, the notice of removal must be filed within 30 days of the date on which the defendant receives a copy of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* The parties do not dispute that CMM complied with these statutory provisions. This action was not subject to removal when it was filed because both plaintiff and Perkins are Louisiana residents, and, accordingly, complete diversity did not exist. Once Perkins was dismissed from the suit on August 23, 2005, however, complete diversity existed, and CMM immediately removed the action to this Court.[2]

---

[2]Because CMM removed this case following the dismissal of a nondiverse defendant, it is at least debatable whether the voluntary/involuntary rule would permit removal on these facts. *See Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 546-49 (5th Cir. 1967) (describing voluntary/involuntary rule). Neither of the parties has raised this issue, however, and the Court will not consider it *sua sponte*. Because the voluntary/involuntary rule is one of removal procedure rather than subject matter jurisdiction, it is deemed waived if not raised within 30 days of removal. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."); *Barnes v. Westinghouse Elec. Corp.*, 962 F.2d 513, 516 (5th Cir. 1992) (any non-jurisdictional ground for remand may be waived).

The crux of the parties' dispute concerns whether this case satisfies the $75,000 amount-in-controversy requirement for diversity jurisdiction. *See id.* § 1332(a).  In her motion to remand, plaintiff argues that remand is appropriate because she has stipulated that her damages are less than $75,000.  CMM argues that the amount-in-controversy requirement is satisfied because plaintiff's own interrogatory responses in the state court establish that plaintiff is seeking over $75,000 in damages.  CMM further argues that plaintiff's post-removal stipulation is ineffective to divest the Court of subject matter jurisdiction.

### A.    Amount In Controversy

Under Fifth Circuit law, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages.  *See Allen*, 63 F.3d at 1335.  When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith."  *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)); *see also Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1314 (11th Cir. 2002) (removal standards "give great weight to the plaintiff's assessment of the value of plaintiff's case").

The reason for this rule is that when a plaintiff claims damages sufficient to invoke federal jurisdiction, yet chooses to proceed in state court, there is no danger that the claimed amount has been inflated in order to confer jurisdiction. *See St. Paul Mercury Indem. Co.*, 303 U.S. at 290 (in removal cases, "[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end").

When, however, the plaintiff has alleged an indeterminate amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Simon v. Wal-Mart Stores*, 193 F.3d 848, 859 (5th Cir. 1999); *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). A defendant satisfies this burden by either showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute that support a finding that the jurisdictional amount is satisfied. *Allen*, 63 F.3d at 1335.

If the defendant meets its burden of showing the requisite amount in controversy, the plaintiff can defeat removal only by establishing with legal certainty that her claims are for less than $75,000. *See De Aguilar*, 47 F.3d at 1411-12.

Louisiana law prohibits a plaintiff from pleading a specific

6

amount of monetary damages in the complaint. *See* La. Code Civ. Proc. Ann. art. 893(A)(1). Louisiana law does, however, permit a plaintiff to allege generally that the relief sought is less than that required for federal jurisdiction. *See id.* ("[I]f a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages . . . a general allegation that the claim exceeds or is less than the requisite amount is required.").

**B. Analysis**

In her state court petition, plaintiff alleged neither the specific amount of damages that she sought nor that her damages were less than the amount required for federal jurisdiction. The petition alleged only that plaintiff was entitled to damages for (1) past, present and future emotional pain and suffering; (2) past, present and future physical pain and suffering; (3) lost wages; (4) medical bills; and (5) attorney's fees. From these allegations, it is not facially apparent that plaintiff's claims exceed the $75,000 threshold.

During discovery in the state court, CMM served plaintiff with interrogatories that asked plaintiff to identify the nature and amount of the damages she sought. (*See* Notice of Removal Ex. A, at 6-7). In a set of supplemental responses to CMM's interrogatories, plaintiff stated that she claimed lost wages at

a rate of $5,000 per year, "medical/psychological" damages of $600, and other damages of approximately $75,000. (*See* Def. Mem. Ex. 4, at 1).

By pointing to these interrogatory responses, CMM has met its burden of producing evidence to show that the required amount in controversy is present. Although plaintiff did not (and, indeed, could not) allege a specific damage amount in her state court petition, plaintiff's interrogatory responses show clearly that she believed her claims were worth more than $75,000. Such pre-removal damage assessments by a state court plaintiff have routinely been found sufficient to support removal. *See, e.g., Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994) (letter from plaintiff's counsel showing that amount in controversy exceeded jurisdictional amount); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871-72 (6th Cir. 2000) (interrogatory responses); *Nutter v. Waffle House, Inc.*, No. Civ.A. 04-3150, 2005 WL 2050277, at *1-2 (E.D. La. Aug. 4, 2005) (interrogatory responses); *Nelson v. Nationwide Mut. Ins. Co.*, 192 F. Supp. 2d 617, 620 (E.D. La. 2001) (interrogatory responses). Thus, unless plaintiff can show with legal certainty that her claims do not exceed $75,000, remand is inappropriate. *Allen*, 63 F.3d at 1335.

Plaintiff's sole argument in support of remand is that, because she now stipulates that the value of her claims does not

8

exceed $75,000, remand is required.  (*See* Pl. Mem. at 2).  That post-removal stipulation is, however, insufficient to establish that the Court lacks subject matter jurisdiction over the case. It is well-established that the jurisdictional facts governing removal must be determined as of the time of removal.  *Gebbia*, 233 F.3d at 883.  Post-removal affidavits or stipulations may be considered only if the amount in controversy is ambiguous at the time of removal, and then only to determine the amount in controversy as of the date of removal.  *Id.*  When the amount in controversy is clear, post-removal stipulations reducing the amount of damages claimed cannot deprive the Court of jurisdiction.  *Id.; see also, e.g.*, *Nelson v. Family Dollar Stores of La., Inc.*, No. Civ.A. 04-2146, 2005 WL 517504, at *3 (E.D. La. Feb. 18, 2005).  Plaintiff's stipulation, which neither purports to resolve any ambiguity nor even refers to the amount in dispute at the time of removal, falls clearly into this latter category, and, accordingly, it does not affect the Court's jurisdiction over the action.

**III. CONCLUSION**

  For the reasons stated above, the Court DENIES plaintiff's motion to remand.


  New Orleans, Louisiana, this <u>17th</u> day of January, 2006.


                           _____

                SARAH S. VANCE
           UNITED STATES DISTRICT JUDGE